UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**   (In Chambers:) DEFENDANTS' MOTION TO DISMISS (filed April 19, 2013) [23]

## I.   INTRODUCTION

On January 10, 2012, plaintiff Cherie J. Morgan filed this action in the Los Angeles County Superior Court against Aurora Loan Services, LLC ("Aurora"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1–100, inclusive (collectively, "defendants").  Plaintiff principally complains that defendants wrongfully initiated foreclosure proceedings against her real property located at 664 S. Mentor Avenue, Pasadena, CA 91106, and that a subsequent trustee's sale is invalid because defendants lacked any interest in the property.  Plaintiff asserts the following claims for relief: (1) breach of loan modification contract; (2) intentional misrepresentation; (3) to set aside trustee's sale; (4) to cancel trustee's deed; (5) quiet title; (6) promissory estoppel; (7) accounting; (8) breach of implied covenant of good faith and fair dealing; (9) unfair business practices under Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); and (10) unlawful foreclosure under Cal. Civil Code §§ 2923.5, 2923.6, and 2924, et seq.  On May 18, 2012, defendants removed the action to this Court.

On August 13, 2012, the Court granted defendants' motion to dismiss plaintiff's complaint without prejudice.  On August 30, 2012, plaintiff filed the operative first amended complaint ("FAC").  The FAC asserts the same ten claims for relief as plaintiff's original complaint.

On April 19, 2013, defendants filed the instant motion to dismiss plaintiff's complaint.  Plaintiff opposed the motion on April 30, and defendants replied on May 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

The Court held a hearing on May 20, 2013. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff's allegations are largely unchanged from those set forth in her original complaint. In February 2007, plaintiff executed a promissory note and obtained a loan for $881,000 from Homefield Financial, Inc., to purchase property located at 664 S. Mentor Avenue, Pasadena, CA 91106. FAC ¶ 7. This note was secured by a deed of trust executed by plaintiff, which named defendant MERS as the beneficiary. Ex. 1.[1] Plaintiff alleges that her promissory note "was securitized and split" from the deed of trust, according to a "Property Securitization Analysis" that plaintiff attaches to her complaint. Id. ¶ 8, Ex. 2.

According to plaintiff, the note was transferred from Homefield Financial to various other entities, ultimately ending up in the hands of an entity known as "Lehman Mortgage Trust 2007-4." Id. ¶ 9. Plaintiff's deed of trust was assigned to "that entity known as MERS as the nominee for the lender," and thereafter, to Aurora on January 26, 2010. Id. Plaintiff further alleges that MERS has never had any right, title, or interest in the deed of trust, and therefore any purported assignment by MERS to Aurora is of no force and effect. Id. ¶ 10. Although Aurora now claims to be the note holder and the beneficiary, plaintiff alleges that it in fact has no valid interest in the property. Id. ¶ 11.

Defendants request that the Court take judicial notice of a number of recorded documents, the authenticity of which plaintiff does not dispute. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Other documents are incorporated by reference into plaintiff's complaint, and therefore may also be considered on a motion to dismiss. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court previously took judicial notice of many of these documents in ruling on defendants' motion to dismiss plaintiff's original complaint, and finds it appropriate to do so again here.

---

[1] Although plaintiff indicates that the deed of trust is attached as exhibit 1 to her complaint, this document in fact appears to be the note related to her loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

As discussed, the note for plaintiff's loan was secured by a deed of trust executed by plaintiff and recorded against the property on February 13, 2007. Defs.' Request for Judicial Notice ("RJN") Ex. 2. The deed of trust names MERS as the beneficiary "solely as nominee for Lender and Lender's successors and assigns." Id. at 2.

On August 19, 2009, Cal-Western Reconveyance Corporation ("Cal-Western") recorded a notice of default against the property, acting as agent for MERS and LSI Title, the beneficiary and trustee, respectively, under the original note. RJN Ex. 3. On September 24, 2009, a substitution of trustee was recorded reflecting that Cal-Western was the new trustee under the deed of trust. Id. Ex. 4. Cal-Western then recorded a notice of trustee's sale on November 20, 2009, setting a sale date of December 10, 2009. Id. Ex. 5. MERS assigned all of its beneficial interest in the note and deed of trust to Aurora on January 26, 2010. Id. Ex. 6.

Plaintiff then entered into a "Workout Agreement" with Aurora in April 2010 to postpone the pending foreclosure sale. FAC ¶ 13, Ex. 3. Pursuant to the terms of this agreement, plaintiff admitted a total arrearage of $79,215.18. Id. Ex. 3 at 2. This agreement required plaintiff to make six monthly payments in the amount of $4,786.71 each, from May 15 until October 15, 2010.[2] Id. The agreement expired by its terms on "the Due Date of the Sixth Plan payment," six months after its inception. Id. ¶ a.2. The agreement further states that even if plaintiff complied with its terms, a portion of the total amount owed by plaintiff would "still be outstanding" as of the agreement's expiration. Id. ¶ a.1. Finally, there is no provision for a permanent loan modification after plaintiff's satisfaction of the agreement, but only such "loan modification agreement or other loan workout option that [Aurora] may offer." Id. ¶ b. If plaintiff failed to comply with the terms of the Agreement by making monthly payments or curing the arrearage at the expiration date, Aurora reserved the right to "immediate[ly] commence[] . . . a foreclosure action or resume[] a pending foreclosure action without further notice." Id. at ¶ 6.

---

[2] Plaintiff previously alleged that her obligation under this agreement was to make six monthly payments in the amount of $2,712.58, and if she did so, she would be entitled to a "permanent loan modification." Compl. ¶¶ 8–11. In addition, plaintiff previously alleged that she complied with the terms of the Workout Agreement by making payments of $2,712.58; now, plaintiff alleges that she made six monthly payments in the amount of $4,786.71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

After the expiration of the 2010 Workout Agreement, plaintiff had not brought her loan current, and Cal-Western elected to record a new notice of trustee's sale on February 23, 2011. RJN Ex. 8. Thereafter, plaintiff entered into a "Foreclosure Alternative Agreement" with Aurora on March 3, 2011. FAC ¶ 15, Ex. 4. This agreement has essentially identical terms to the 2010 Workout Agreement and is discussed in greater detail below. When the March 2011 Agreement did not lead to a permanent loan modification, the property was sold at a trustee's sale on December 20, 2011. FAC ¶¶ 18–19; RJN Ex. 10.

### III.  LEGAL STANDARD

#### A.  Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973).  This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth.  In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the

Case 2:12-cv-04350-CAS-MRW   Document 30   Filed 07/09/13   Page 6 of 14   Page ID #:659

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.   DISCUSSION

### A.   Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for her nonperformance thereon; (3) defendant's material breach; and (4) resulting damages.  Wall Street Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171,1178 (2008).

Plaintiff alleges that she entered into the aforementioned March 2011 Agreement with Aurora, which obligated plaintiff to make a "stipulated payment of $12,265.58 . . . on or before March 4, 2011," and thereafter make five consecutive monthly payments in the amount of $4,246.10 each.  FAC ¶ 15, Ex. 4.  The agreement states that the lender will forbear from exercising any of its rights to foreclose during the pendency of the agreement, but that "the Note and Security Instrument are accelerated and the debt evidenced by the Note is due in full, the account remains in default . . . and such debt due in full." Id. Ex. 4 ¶ 8.  Further, because "the aggregate Plan payments will be insufficient to pay the Arrearage," plaintiff was obligated to "cure the Arrearage through a full reinstatement, payment in full, loan modification agreement, or other foreclosure avoidance option that Lender may offer." Id. Attch. A at 3.  Plaintiff alleges that Aurora breached this agreement by (1) ceasing to accept her monthly payments after the first three months, FAC ¶ 17; and (2) by commencing foreclosure proceedings against the property in violation of the forbearance clause, FAC ¶ 18.

The Court finds that plaintiff fails to state a claim for breach of contract.  Contrary to plaintiff's allegations, she received all that she was promised under the March 2011 Agreement.  First, the agreement expired by its own terms on August 4, 2011, at which time plaintiff was obligated to cure her outstanding indebtedness; one possibility for doing so included a loan modification or further workout agreement that defendant "may" have chosen to offer plaintiff in its sole discretion.  However, the parties reached no further agreement or method for curing plaintiff's default.  Thus, after the agreement expired on August 4, 2011, defendant was well within its rights to continue with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

foreclosure proceedings against the property that defendant had already begun long ago.³ Accordingly, defendant could not have breached the March 2011 Agreement by selling the property at a foreclosure sale on December 20, 2011, after the agreement had expired.

Second, to the extent that plaintiff alleges that Aurora stopped accepting her payments during the pendency of the March 2011 Agreement, plaintiff also fails to state a claim. Plaintiff can allege no damages arising out of this purported breach, as plaintiff does not allege that she had the ability to cure her loan after the termination of the parties' agreement. And as noted, Aurora was under no obligation to provide plaintiff with any further forbearance agreement or permanent loan modification after the expiration of the agreement. Accordingly, because Aurora did not initiate any further foreclosure proceedings until after the parties' agreement had expired, plaintiff received all that she bargained for under the March 2011 Agreement.⁴

### B. Intentional Misrepresentation

To properly plead a claim of fraud, a plaintiff must allege: "(a) misrepresentation; (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (quoting 5 Witkin, Summary of Cal. Law, Torts § 676 (9th ed. 1988)). Because a claim for intentional misrepresentation is grounded in fraud, plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), as noted.

Similar to her Complaint, plaintiff alleges that defendants Aurora, MERS, and Does 1 to 50, including "Carla L.," falsely represented to plaintiff on December 8, 2011,

---

³ Plaintiff contends in her opposition that she was "denied the opportunity to cure any default" as a result of Aurora's alleged breach of the March 2011 Agreement. This allegation does not appear in her complaint, and more fundamentally, plaintiff has never alleged an ability to tender and cure her default.

⁴ Plaintiff's allegation that she suffered damages in the form of "payments made pursuant to the [March 2011 Agreement]" is without merit. As the Court noted in its prior order granting defendant's motion to dismiss plaintiff's complaint, plaintiff was already obligated to make these payments under the terms of the original note, which remained unchanged as a result of any subsequent agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

that she would be *reviewed* for a permanent loan modification from defendants Aurora, MERS, and Does 1 to 50, provided that she comply with the terms of the March 2011 Agreement. FAC ¶ 22. These representations were false, plaintiff alleges, because defendants had no intention of reviewing plaintiff for a permanent loan modification at the time they represented that they would do so. Id. ¶ 23. Instead, defendants' "true intention" was "to take plaintiff's money for a period of three (3) months" before foreclosing on plaintiff's property. Id. ¶ 24. Plaintiff relied on these statements, she alleges, by making payments under the terms of the March 2011 Agreement. Id. ¶¶ 24, 26.[5]

Based on the foregoing allegations, the Court finds that plaintiff fails to state a claim for intentional misrepresentation. First, plaintiff again fails to plead her claim with sufficient particularity pursuant to Rule 9(b). Plaintiff impermissibly lumps all of the defendants together, and does not even identify, for example, on whose behalf Cara L. purported to state that plaintiff was under review for a permanent loan modification. See Cafasso, 637 F.3d at 1055. More problematically, plaintiff's allegations of reliance are illogical. Plaintiff alleges that she justifiably relied on the alleged misrepresentation in March 2011 by making payments under the March 2011 Agreement, even though the representation was not allegedly made to her until December 2011. This sort of inconsistency in pleading a claim for fraud is precisely the sort of problem that Rule 9(b) is meant to address.

Moreover, even putting to one side the foregoing deficiencies, the Court again finds that plaintiff is unable to allege that she justifiably relied on defendants statements to her detriment, as she was already contractually obligated to make loan payments. See, e.g., Lawther v. OneWest Bank, FSB, 2012 WL 298110, *19 (N.D. Cal. Feb. 1, 2012). Even if defendants somehow fraudulently induced plaintiff to make additional payments with the promise of a potential permanent loan modification, these payments were made pursuant to her preexisting contractual duties. Accordingly, the Court dismisses plaintiff's claim for intentional misrepresentation.[6]

---

[5] Elsewhere, however, plaintiff alleges that defendants "advised [her] that she was not qualified for a permanent loan modification"—which presumably would occur after defendants reviewed her application for such a modification. FAC ¶ 34.

[6] An additional ground supports the granting of defendant's motion—the economic loss rule. This rule "generally bars tort claims for contract breaches, thereby limiting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

### C. Set Aside of Trustee's Sale, Cancellation of Trustee's Deed, Quiet Title, and Wrongful Foreclosure

Similar to plaintiff's original complaint, plaintiff alleges that the trustee's sale should be set aside, because plaintiff had entered into the March 2011 Agreement under which defendant agreed not to foreclose, and that the foreclosure that did take place was procedurally improper for a number of reasons.  In particular, plaintiff alleges that: (1) the notice of default recorded on August 19, 2009 had "expired," FAC ¶ 33; (2) plaintiff was not aware of a pending foreclosure sale until December 11, 2011, and never received any legally-compliant notice of trustee's sale, id. ¶ 34–35; (3) it would be inequitable to require tender, because defendants had no right to foreclose as a result of the "securitization" of plaintiff's note, id. ¶ 36.  See also FAC ¶¶ 65–67.  For similar reasons, plaintiff alleges that the trustee's deed upon sale should be cancelled and that the Court should quiet title in plaintiff's favor as of August 2009.

The Court finds that plaintiff fails to state any claim for equitable relief from the foreclosure sale.  First, plaintiff fails to allege tender or a credible ability to tender.  As the Court noted previously, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."  Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984).  In other words, plaintiff must demonstrate that "the alleged imperfection in the foreclosure process was prejudicial to [her] interests."  Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011).  Plaintiff does not allege that she can meet this burden.

It is true that "a tender may not be required where it would be inequitable to do so" or where "the plaintiff's action attacks the validity of the underlying debt," such that the foreclosure sale is void rather than voidable.  Onofrio v. Rice, 55 Cal. App. 4th 413, 424

---

contracting parties to contract damages."  United Guar. Mortgage Indem. Co. v. Countrywide Fin. Corp, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009).  What plaintiff is alleging is that defendants failed to review whether she would qualify for a permanent loan modification, pursuant to the terms of the March 2011 Agreement, despite representing to plaintiff that it would do so.  Her claim is subsumed within the terms of the parties' agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

(1997); see also Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112 (2011). Plaintiff offers no allegations, however, that could support a finding that it would be inequitable to require tender in this case, or that the foreclosure sale that took place is void, rather than voidable.

In particular, although plaintiff appears to challenge the validity of her underlying debt, the Court finds that plaintiff's challenge is without merit. Contrary to plaintiff's argument, "securitization" of plaintiff's promissory note did not deprive defendants of the right to foreclose on the property, as the recorded documents demonstrate.

Under California Civil Code § 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Authorized parties include "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civil Code § 2924(b)(4). "[T]he statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. . . [and] does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale." Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); see also McGough v. Wells Fargo Bank, N.A., No. CV 12-0050, 2012 WL 2277931 (N.D. Cal. June 18, 2012) (discussing cases, noting that "[t]heories that securitization undermines the lender's right to foreclose on a property have been rejected by the courts"); Herrera v. Fed. Nat. Mortg. Assn., 205 Cal. App. 4th 1495, 1498 (2012) ("[C]ourts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust. Plaintiffs granted MERS such authority by signing the deed of trust.").

Here, because MERS permissibly assigned its contractual interest to Aurora on January 26, 2010, Aurora had the statutory right to initiate foreclosure proceedings. See Fontenot, 198 Cal. App. 4th at 273 ("There is nothing inconsistent in MERS's being designated both as the beneficiary and as a nominee, i.e., agent, for the lender."). Accordingly, the Court finds that the foreclosure sale is not "void" and tender is required in this case, as plaintiff has not alleged how she was prejudiced in any way by the sale that did ultimately take place.

Even putting to one side plaintiff's failure to allege a credible ability to tender the indebtedness due on the note, the Court finds that plaintiff fails to state a claim based on her allegations that the foreclosure sale should be set aside based upon procedural

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

irregularities or that the sale was otherwise wrongful under California law.  "[W]here the trustee delivers a deed to the buyer at the foreclosure sale, and the deed recites that all procedural requirements for the default notice and sale notice have been satisfied, there is a statutory rebuttable presumption that such notice requirements have been fulfilled." Melendrez v. D & I Investment, Inc. 127 Cal. App. 4th 1238, 1255 (2005) (discussing Cal. Code Civ. P. § 2924(c)).  With regards to the sale itself, a "nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly'. . . [which] may only be rebutted by *substantial* evidence of *prejudicial* procedural irregularity." Id.  (citations omitted) (emphasis added).  As a result, "[i]t is the burden of the party challenging the trustee's sale to prove such irregularity and thereby overcome the presumption of the sale's regularity." Id.

As before, plaintiff does not deny defaulting on her loan, or that a notice of default, substitution of trustee, and original notice of trustee's sale were all recorded, well before plaintiff entered into either of the forbearance agreements with Aurora.  And as the Court found previously, plaintiff's allegations of impropriety in the foreclosure process are insufficient to state a claim, particularly where an additional notice of trustee's sale was recorded on February 23, 2011.  Furthermore, plaintiff admits to receiving notice of the sale on December 11, 2011.  FAC ¶ 34.  Because plaintiff has failed to allege how "the alleged imperfection in the foreclosure process was prejudicial to [her] interests," the Court grants defendants' motion to dismiss plaintiff's equitable claims. Fontenot, 198 Cal. App. 4th at 272.[7]

In addition, plaintiff fails to state a claim for wrongful foreclosure based on alleged violations of California Civil Code § 2923.5.[8]  See FAC ¶¶ 68–70.  As the Court found previously, a plaintiff's right of action under section 2923.5 "is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." Mabry v. Superior Court, 185 Cal. App. 4th 208, 214 (2010).  When there has

---

[7] To the extent that plaintiff's equitable claims are based upon defendants' alleged breach of the March 2011 Agreement, the Court finds that plaintiff fails to state a claim, for the same reasons discussed previously.

[8] This section requires, in relevant part, that "[a] mortgagee, beneficiary, or authorized agent . . . contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Id.

Case 2:12-cv-04350-CAS-MRW   Document 30   Filed 07/09/13   Page 12 of 14   Page ID #:665

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

already been a sale of the property, as here, no claim may be pursued under section 2923.5. Accordingly, plaintiff fails to state a claim for wrongful foreclosure on this basis.

### D.  Promissory Estoppel

Under California law, promissory estoppel requires a plaintiff to allege: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." Laks v. Coast Fed. Sav. & Loan Assn. 60 Cal. App. 3d 885, 890 (1976). However, promissory estoppel applies only in the absence of an express agreement between the parties. If instead "the promisee's performance was requested at the time the promisor made his promise and that performance was bargained for, the doctrine is inapplicable." Fontenot, 198 Cal. App. 4th at 275.

The Court finds that plaintiff fails to state a claim for promissory estoppel based on her allegation that defendants promised that they would review her application for a permanent loan modification. First, as with her claim for intentional misrepresentation, plaintiff claims she detrimentally relied on this statement by continuing to make payments on her loan. For the same reasons as noted above, plaintiff cannot allege reasonable reliance in making further payments where she was already obligated to make such payments. Second, plaintiff's additional monthly payments to Aurora were pursuant to her written contract—these payments are the very performance that was requested at the time she entered into the March 2011 Agreement, in exchange for defendant's promise not to foreclose. See Fontenot, 198 Cal. App. 4th at 275 (holding that a plaintiff could not state a claim for promissory estoppel where the defendant's "promise not to foreclose in the forbearance agreement was given for proper consideration, in the form of plaintiff's agreement to resume making payments on the promissory note"). Plaintiff cannot state a claim for promissory estoppel on the basis of her bargained-for performance under the parties' agreement. For these reasons, the Court grants defendants' motion to dismiss plaintiff's claim for promissory estoppel.

### E.  Breach of Implied Covenant of Good Faith and Fair Dealing

The Court concludes that plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing. Under California law, "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Storek & Storek, Inc. v. Citicorp Real Estate, Inc., 100 Cal. App. 4th 44, 55 (2002). However, a court may not imply a covenant of good faith and fair dealing which contradicts the express terms of a contract. Id.

Plaintiff does not allege how defendants breached the implied covenant of good faith, other than by virtue of defendants' commencement of foreclosure proceedings against the property in December 2011, four months after the expiration of any forbearance agreement. FAC ¶ 55–56. Because defendants were entitled to proceed with a foreclosure at this time, for all the reasons discussed previously, plaintiff fails to state a claim. In her opposition, it appears that plaintiff also contends defendants breached the covenant by securitizing plaintiff's loan. Opp'n at 16. For the same reasons discussed above in relation to plaintiff's claim for unlawful foreclosure, plaintiff fails to state a claim on this basis, as defendants had the right of assignment or sale under the deed of trust. Accordingly, the Court grants defendants' motion to dismiss this claim.

### F. Plaintiff's UCL Claim

Plaintiff's allegations in support of her UCL claim are largely identical to those she asserted in her original complaint, and the Court finds that this claim should again be dismissed. The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001).

Plaintiff's claim is based on her allegations that: (1) defendants foreclosed on her property illegally, in violation of Cal. Civil Code § 2923 et seq.; (2) defendants obtained payments from plaintiff under the March 2011 Agreement and foreclosed on the property regardless; and (3) defendants lacked any interest in the property under the deed of trust. FAC ¶ 61. As these are the same allegations or violations of California law that the Court has found to be lacking in the context of plaintiff's other claims, the Court grants defendants' motion to dismiss this claim. None of these allegations state a claim based upon any unlawful, unfair, or fraudulent business practices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

    **G.    Plaintiff's Claim for Accounting**

    Any claim to "an accounting is derivative; it must be based on other claims." <u>Janis v. California State Lottery Comm'n</u>, 68 Cal. App. 4th 824, 833 (1998).  Because plaintiff's claim for an accounting is premised on the same allegations of improper conduct that the Court has rejected, this claim again fails.

**V.    CONCLUSION**

    In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's claims.  Plaintiff shall have thirty (30) days to file an amended complaint.

    IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |