UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Christopher Frost<br>Richard Leonard | Michael Grace |

**Proceedings:**   **DEFENDANTS' MOTION TO DISMISS** (filed August 22, 2013) [Dkt. 33]

## I.   INTRODUCTION

On January 10, 2012, plaintiff Cherie J. Morgan filed this action against Aurora Loan Services, LLC ("Aurora"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1–100, inclusive (collectively, "defendants"). Plaintiff principally complains that defendants wrongfully initiated foreclosure proceedings against her real property located at 664 S. Mentor Avenue, Pasadena, CA 91106, and that a subsequent trustee's sale is invalid because defendants lacked any interest in the property. The Court previously dismissed both plaintiff's original complaint, dkt. 12, and plaintiff's First Amended Complaint ("FAC"), dkt. 30.

Plaintiff's operative Second Amended Complaint ("SAC") asserts the following claims for relief: (1) lack of standing; (2) breach of written contract; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) cancellation of instruments; (6) quiet title; (7) promissory estoppel; (8) breach of implied covenant of good faith and fair dealing; (9) premature and unlawful filing of notice of default; and (10) unfair business practices under Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL").

On August 22, 2013, defendants moved to dismiss plaintiff's SAC. Plaintiff opposed the motion on September 16, 2013, and defendants replied on September 23, 2013. On October 7, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

## II. BACKGROUND

Plaintiff's factual allegations are essentially identical to those made in her previous two complaints. In February 2007, plaintiff executed a promissory note and obtained a loan for $881,000 from Homefield Financial, Inc., to purchase a property located at 664 S. Mentor Avenue, Pasadena, CA 91106. SAC ¶ 8. This note was secured by a deed of trust executed by plaintiff, which named defendant MERS as the beneficiary. Ex. 1. Plaintiff alleges that her promissory note "was securitized and split" from the deed of trust, according to a "Property Securitization Analysis" that plaintiff attaches to her complaint. Id. ¶ 10, Ex. 2.

According to plaintiff, the note was transferred from Homefield Financial to various other entities, ultimately ending up in the hands of an entity known as "Lehman Mortgage Trust 2007-4." Id. ¶ 9. On August 19, 2009, Cal-Western Reconveyance Corporation ("Cal-Western") recorded a notice of default against the property. Cal-Western acted as agent for MERS, the beneficiary under the original note. Defendants' Request for Judicial Notice ("RJN") Ex. 3. On September 24, 2009, a substitution of trustee was recorded reflecting that Cal-Western was the new trustee under the deed of trust. Id. Ex. 4. Cal-Western then recorded a notice of trustee's sale on November 20, 2009, setting a sale date of December 10, 2009. Id. Ex. 5. MERS assigned all of its beneficial interest in the note and deed of trust to Aurora on January 26, 2010. Id. Ex. 6.

Plaintiff then entered into a "Workout Agreement" ("WAG") with Aurora in April 2010 to postpone the pending foreclosure sale. SAC ¶ 22, Ex. 5. Pursuant to the terms of this agreement, plaintiff admitted a total arrearage of $79,215.18. Id. Ex. 5, attch. A. This agreement required plaintiff to make six monthly payments in the amount of $4,786.71 each, from May 15 until October 15, 2010. Id. The agreement expired by its terms on "the Due Date of the Sixth Plan payment," six months after its inception. Id. ¶ a.2. The agreement further states that even if plaintiff complied with its terms, a portion of the total amount owed by plaintiff would "still be outstanding" as of the agreement's expiration. Id. ¶ a.1. Finally, there is no provision for a permanent loan modification after plaintiff's satisfaction of the agreement, but only such "loan modification agreement or other loan workout option that [Aurora] may offer." Id. ¶ b. If plaintiff failed to comply with the terms of the Agreement by making monthly payments or curing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

arrearage at the expiration date, Aurora reserved the right to "immediate[ly] commence[] . . . a foreclosure action or resume[] a pending foreclosure action without further notice." Id. at ¶ 6.

After the expiration of the WAG, plaintiff had not brought her loan current, and Cal-Western elected to record a new notice of trustee's sale on February 23, 2011. RJN Ex. 8. Thereafter, plaintiff entered into a "Foreclosure Alternative Agreement" ("FAA") with Aurora on March 3, 2011. SAC ¶ 127 Ex. 6. When the FAA Agreement did not lead to a permanent loan modification, the property was sold at a trustee's sale on December 20, 2011. SAC ¶ 51; RJN Ex. 10.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

   **A.   Breach of Contract**

Plaintiff again alleges that defendants breached the WAG and FAA by ceasing to accept her monthly payments and by commencing foreclosure proceedings against the property in violation of the forbearance clause.  These allegations are virtually identical to plaintiff's claim for breach of contract in the FAC.  Compare SAC ¶¶ 68–76, with FAC ¶¶ 13–19.  The Court previously dismissed the FAC's contract claim because first, plaintiff failed to properly allege a breach as she received all she was entitled to under the WAG and FAA; and second, plaintiff failed to allege damages because she could not demonstrate the ability to cure her default on the underlying loan, which had been accelerated and was due in full.

Rather than directly resolve these issues through amended factual allegations in her SAC, plaintiff argues that the Court's prior conclusions are contradicted by the recent Ninth Circuit case Corvello v. Wells Fargo Bank, NA, 2013 WL 4017279 (9th Cir. Aug. 8, 2013).  Corvello held that a mortgage servicer must offer homeowners a permanant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

modification if the homeowners satisfied the terms of their trial payment plan. The plaintiffs in Corvello, after falling behind on their mortgages, enrolled in a Trial Period Plan ("TPP") pursuant to the Treasury Department's Home Affordable Modification Program ("HAMP"). "The TPP requires borrowers to submit documentation to confirm the accuracy of their initial financial representations, and to make trial payments of the modified amount to the servicer." Id. at *1. Despite following the TPP, the Corvello plaintiffs were never offered a permanent loan modification by Wells Fargo. The plaintiffs sued for breach of contract, arguing that "they complied with their trial plans and made the required payments, and should have been offered permanent modifications." Id. at *2.

     The district court in Corvello dismissed these breach of contract claims, finding that, pursuant to the terms of the TPP, Wells Fargo was not obligated to offer a modification "unless and until" the borrower received a "fully executed copy of a Modification Agreement." Id. at *3. Because Wells Fargo had never sent the Corvello plaintiffs a copy of the modification agreement, the district court concluded that Wells Fargo was under no obligation to offer a permanent modification, and thus did not breach the TPP.

     The Ninth Circuit reversed, concluding that, because plaintiffs had fulfilled their obligations under the TPP, a "more natural and fair interpretation of the TPP," id. at *5, required Wells Fargo to send the plaintiffs a copy of the Modification Agreement, and thus offer a permanent modification. In particular, the Ninth Circuit relied on language on the first page of the TPP stating that "If I am in compliance with this Loan Trial Period and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Loan Modification Agreement." Id. at *2. In light of this clear language guaranteeing a permanent modification if the plaintiffs complied with their trial plans, the Ninth Circuit declined to "convert a purported agreement setting forth clear obligations into a decision left to the unfettered discretion of the loan servicer." Id. at *5.

     Here, by contrast, the FAA and WAG did not guarantee plaintiff a permanent modification. Instead, as explained in the Court's previous order, "the agreement[s] expired by [their] own terms . . . , at which time plaintiff was obligated to cure her outstanding indebtedness; one possibility for doing so included a loan modification or further workout agreement that defendant 'may' have chosen to offer plaintiff in its sole

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

discretion." Dkt. 30 at 6.  In other words, Corvello is case in which the contract promised the homeowner a modification in exchange for the homeowner's compliance with the trial program; this is a case in which the contract expressly disclaimed any promise of a permanent modification.  The Court accordingly concludes that Corvello is inapplicable to the facts of this case, and therefore declines to revisit its previous conclusion that plaintiff has failed to state a claim for breach of contract.

### B. Intentional and Negligent Misrepresentation

Plaintiff reasserts her claim for intentional misrepresentation, alleging that defendants represented that she would be reviewed for a permanent loan modification, and that those representations were false.  SAC ¶¶ 82–83.  Plaintiff also asserts for the first time a claim for negligent misrepresentation; this claim alleges the same basic misrepresentation as her claim for intentional misrepresentation.  SAC ¶¶ 92–96.  The Court previously dismissed plaintiff's claim for intentional misrepresentation because first, she failed to state her claim for fraud with particularity as required by Federal Rule of Civil Procedure 9(b); and second, she could not show that she was damaged by her justifiable reliance on defendants' representations.

Setting to one side whether the SAC meets the heightened pleading standards of Fed. R. Civ. P. 9(b),[1] plaintiff's claim for intentional misrepresentation again fails because she still cannot show justifiable reliance to her detriment.  As the Court previously explained, "[e]ven if defendants somehow fraudulently induced plaintiff to make additional payments with the promise of a potential permanent loan modification, these payments were made pursuant to her preexisting contractual duties."  Dkt. 30 at 8.  Accordingly, the Court concludes that plaintiff cannot show that she was damaged by continuing to make loan payments she was already obliged to make.  Moreover, because damages are also an element of negligent misrepresentation, this defect is also fatal to

---

[1] Courts are divided on whether claims for negligent misrepresentation must satisfy Rule 9(b).  Compare Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003) ("The rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct."), with Kelley v. Rambus, Inc., 384 Fed. Appx. 570, 573 (9th Cir. 2010) (holding that the "state law claims for common law fraud and negligent misrepresentation fail to meet the heightened pleading standards of Rule 9(b)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

plaintiff's claim for negligent misrepresentation.  5 Witkin, Summary of Cal. Law, Torts § 818 (10th ed. 2005).[2]

### C. Lack of Standing, Cancellation of Instruments, Quiet Title, and Premature and Unlawful Filing of Notice of Default

Plaintiff previously asserted claims for Cancellation of Trustee's Deed, Quiet Title, Wrongful Foreclosure, and "Set Aside of Trustee's Sale."  The SAC, by contrast, styles plaintiff's claims as (1) Lack of Standing, (2) Cancellation of Instruments, (3) Quiet Title, and (4) Premature and Unlawful Filing of Notice of Default.  Although captioned differently, the allegations made by the SAC are virtually identical to those made in the FAC.  Compare SAC ¶¶ 108–109 ("Cancellation of Instruments"), with FAC ¶¶ 37–41 ("Cancellation of Trustee's Deed"); compare SAC ¶¶ 117–118 ("Quiet Title") with FAC ¶¶ 42–46 (same);  compare SAC ¶¶ 56–66 ("Lack of Standing"), with FAC ¶¶ 65–68 ("Wrongful Foreclosure").

In brief, all of these claims rest on the premise that defendants did "not own a beneficial interest under the Deed of Trust," and therefore could not foreclose on her property.  SAC ¶ 61.  The court previously found that these same allegations failed to state a claim for three reasons: first, plaintiff had not properly alleged tender, which is a prerequisite for equitable relief from an improper trustee's sale; second, plaintiff cannot challenge the securitization of her loan; and third, plaintiff had not rebutted the presumption that nonjudicial foreclosure sales were conducted regularly and fairly.

Upon reviewing the SAC, the Court concludes that plaintiff has not addressed any of these three defects.  First, plaintiff still fails to properly allege tender.  "It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."  Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984).  Here, the SAC alleges that plaintiff has offered to tender $100,000, which defendants refused.

---

[2] As discussed in the Court's previous order, plaintiff's claims for misrepresentation also fail under the economic loss rule, which "generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages." United Guar. Mortgage Indem. Co. v. Countrywide Fin. Corp, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

SAC ¶ 55. However, the principal value of the debt secured by the property was $881,000, SAC ¶ 8, and the outstanding balance on the loan appeared to be in excess of $900,000 at the time of the trustee's sale. RJN Ex. 5. Accordingly, plaintiff's offer of $100,000 would not "pay the full amount of the debt for which the property was security" and thus was not proper tender. Arnolds, 158 Cal. App. 3d at 578.

Second, plaintiff still cannot challenge the securitization of her loan. As explained in the Court's previous order, "'securitization' of plaintiff's promissory note did not deprive defendants of the right to foreclose on the property." Dkt. 30 at 10. In particular, plaintiff's allegations that MERS cannot assign her deed of trust to Aurora fails because California courts "have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust. Plaintiff[] granted MERS such authority by signing the deed of trust." Herrera v. Fed. Nat. Mortg. Assn., 205 Cal. App. 4th 1495, 1498 (2012).

Plaintiff contests this conclusion on the grounds that the newly passed California Homeowner's Bill of Rights ("HBOR") gives homeowners the right to challenge the securitization of their loans. Among other reasons, this argument fails because the HBOR did "not go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively." McGough v. Wells Fargo Bank, N.A., 2012 WL 5199411 at *5 n.4 (N.D. Cal. Oct. 22, 2012); see also Emick v. JPMorgan Chase Bank, 2013 WL 3804039 (E.D. Cal. July 19, 2013) ("The HBOR became effective on January 1, 2013, and it does not apply retroactively."); Sepehry-Fard v. Aurora Bank FSB, 2013 WL 2239820 (N.D. Cal. May 21, 2013). Here, the foreclosure took place in 2011, and thus was not governed by the HBOR. Plaintiff attempts to escape the non-retroactivity of the HBOR by arguing that the HBOR "merely declar[ed] what existing law was and is." The Court finds this "clarification of preexisting law" argument unpersuasive in light of the virtually unanimous conclusion by pre-HBOR courts that homeowners could not challenge the securitization of their loan.

Third, plaintiff has still not rebutted the presumption that the foreclosure sale was conducted regularly and fairly. As the Court explained in its previous order dismissing the FAC:

> [P]laintiff does not deny defaulting on her loan, or that a notice of default, substitution of trustee, and original notice of trustee's sale were all recorded, well before plaintiff entered into either of the forbearance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

> agreements with Aurora. . . . [P]laintiff's allegations of impropriety in the foreclosure process are insufficient to state a claim, particularly where an additional notice of trustee's sale was recorded on February 23, 2011. Furthermore, plaintiff admits to receiving notice of the sale on December 11, 2011.

The SAC resolves none of these deficiencies. Plaintiff continues to admit—as she must—that she defaulted on her loan, SAC ¶ 16, and that she received multiple notices of default and sale. See, e.g., SAC ¶¶ 47, 51. Accordingly the Court declines to revisit its previous conclusion that "plaintiff has failed to allege how 'the alleged imperfection in the foreclosure process was prejudicial to [her] interests.'" The Court therefore grants defendant's motion to dismiss this claim.

### D.  Promissory Estoppel

The SAC asserts a claim for promissory estoppel, claiming that defendants promised to consider plaintiff for a loan modification and then failed to do so. The Court previously dismissed the FAC's virtually identical claim because first, promissory estoppel applies only in the absence of an express agreement between the parties; and second, plaintiff cannot show detrimental reliance because she was already obligated to make loan payments.

For these same reasons, the Court finds that the SAC fails to state a claim for promissory estoppel. Plaintiff attempts to argue that her "payment obligations under the loan agreement were distinct . . . from those under the FAA and had ceased . . . . Plaintiff's only obligations at the time of her reliance [were] under the FAA." Opp. 21. Even assuming this to be the case, plaintiff has still conceded that (1) there was a contract between her and defendants, and (2) that contract obligated her to make loan payments. Accordingly, plaintiff has not resolved the defects identified in the Court's previous order. The Court therefore grants defendant's motion to dismiss this claim

### E.  Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff repleads her claim that defendants breached the implied covenant of good faith and fair dealing. In its previous order dismissing the FAC, the Court found that plaintiff "does not allege how defendants breached the implied covenant of good faith, other than by virtue of defendants' commencement of foreclosure proceedings against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

property in December 2011." Dkt. 30 at 13. By contrast, the SAC alleges that defendants breached the implied covenant of good faith by (1) securitizing plaintiff's loan and (2) refusing to negotiate a loan modification with plaintiff. SAC ¶¶ 137–138. These allegations fail to state a claim. As discussed above, as well as in the Court's previous orders, defendants were entitled to both securitize plaintiff's loan and refuse to offer her a permanent loan modification. Accordingly, the Court grants defendants' motion to dismiss this claim.

### F. Plaintiff's UCL Claim

Plaintiff again asserts that defendants violated California's Unfair Competition Law, which prohibits "unfair competition . . ., includ[ing] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The SAC, like the FAC, rests its UCL allegations on plaintiff's claim that defendants violated Cal. Civil Code §§ 2923 et seq., by foreclosing without "first complying with the legal requirements of California's non-judicial foreclosure statutory scheme." SAC ¶ 158; compare SAC ¶¶ 153–162, with FAC ¶¶ 61–68. Because these are the same alleged violations of California law that the Court found to be lacking in the context of plaintiff's other claims, the Court again grants defendants' motion to dismiss this claim.[3]

### V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's claims. Because the Court concludes that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]" of either the first or third through tenth claims, the Court dismisses these claims with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401. However, the Court finds that it is conceivable that plaintiff could cure the defects in her second claim for breach of contract. "If [p]laintiff can truthfully allege similar facts to those in Corvello, [s]he may do so in an amended complaint. Out of an abundance of caution, [plaintiff's claim for

---

[3] The SAC also alleges in passing that defendants have engaged in "robosigning and otherwise creating false declarations." Plaintiff does not specify what declarations she believes are false, nor does she provide any factual detail about the alleged robosigning. Accordingly, these cursory allegations do not contain "sufficient factual matter" to state a claim for relief. Iqbal, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4350-CAS (MRWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

breach of contract] is dismissed with leave to amend." Hayes v. Wells Fargo Bank, N.A., 2013 WL 4117050 (N.D. Cal. Aug. 12, 2013).  If plaintiff wishes to file an amended pleading as to her contract claim, she shall do so not later than **November 4, 2013**. Plaintiff may not plead any other claims in her amended complaint.

  IT IS SO ORDERED.

|  |  | 00 | : | 17 |
|---|---|---|---|---|
|  | Initials of Preparer | MS | | |