UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-4350-CAS (MRWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Stephen Golden | Shiraz Simonian |

**Proceedings:**   DEFENDANTS' MOTION TO DISMISS (Dkt. 39, filed November 25, 2013)

## I. INTRODUCTION

On January 10, 2012, plaintiff Cherie J. Morgan filed this action against Aurora Loan Services, LLC ("Aurora"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1–100, inclusive (collectively, "defendants"). Plaintiff principally complains that defendants wrongfully initiated foreclosure proceedings against her real property located at 664 S. Mentor Avenue, Pasadena, CA 91106. The Court previously dismissed plaintiff's original complaint, dkt. 12, first amended complaint ("FAC"), dkt. 30, and second amended complaint ("SAC"), dkt 37. The Court dismissed all claims in the SAC with prejudice except for the breach of contract claim. Dkt. 37. Plaintiff's operative third amended complaint ("TAC") asserts a single claim for breach of contract.

On November 25, 2013, defendants moved to dismiss plaintiff's TAC. Plaintiff opposed the motion on December 9, 2013, and defendants replied on December 16, 2013. On January 6, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**               JS-6

| Case No. | CV 12-4350-CAS (MRWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

 In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 663-64.

 For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

 As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-4350-CAS (MRWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

## IV. DISCUSSION

The facts of this case are well known to the parties. This Court previously dismissed all of plaintiff's SAC with prejudice, with the exception of plaintiff's claim for breach of contract. The Court dismissed plaintiff's claim for breach of contract without prejudice, in order to allow plaintiff a second opportunity to plead her claim for breach of contract in light of the Ninth Circuit's recent decision in Corvello v. Wells Fargo Bank, NA, 728 F.3d 878, 880 (9th Cir. 2013). See dkt. 37 at 10-11 ("If [p]laintiff can truthfully allege similar facts to those in Corvello, [s]he may do so in an amended complaint. Out of an abundance of caution, [plaintiff's claim for breach of contract] is dismissed with leave to amend." (quoting Hayes v. Wells Fargo Bank, N.A., 2013 WL 4117050 at *6 (N.D. Cal. Aug. 12, 2013)).

As the Court previously explained, Corvello held that a mortgage servicer may be contractually bound to offer a homeowner a permanent mortgage modification if the homeowner satisfied the terms of certain trial mortgage modification programs. The plaintiffs in Corvello, after falling behind on their mortgages, enrolled in a Trial Period Plan ("TPP") pursuant to the Treasury Department's Home Affordable Modification Program ("HAMP"). "The TPP requires borrowers to submit documentation to confirm the accuracy of their initial financial representations, and to make trial payments of the modified amount to the servicer." Corvello, 728 F.3d at 880-81 (9th Cir. 2013). Despite complying with terms of the TPP, however, the Corvello plaintiffs were never offered a permanent loan modification by Wells Fargo. The plaintiffs sued for breach of contract, arguing that "they complied with their trial plans and made the required payments, and should have been offered permanent modifications." Id. at 881.

The district court in Corvello dismissed these breach of contract claims, finding that, pursuant to the terms of the TPP, Wells Fargo was not obligated to offer a modification "unless and until" the borrower received a "fully executed copy of a Modification Agreement." Id. at 882. Because Wells Fargo had never sent the Corvello plaintiffs a copy of the modification agreement, the district court concluded that Wells Fargo was under no obligation to offer a permanent modification, and thus did not breach the TPP.

The Ninth Circuit reversed, concluding that, because plaintiffs had fulfilled their obligations under the TPP, a "more natural and fair interpretation of the TPP," id. at 883,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-4350-CAS (MRWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

required Wells Fargo to send the plaintiffs a copy of the Modification Agreement, and thus offer a permanent modification.  In particular, the Ninth Circuit relied on language on the first page of the TPP stating that: "If I am in compliance with this Loan Trial Period and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Loan Modification Agreement."  Id. at 881.  In light of this clear language guaranteeing a permanent modification if the plaintiffs complied with their trial plans, the Ninth Circuit declined to "convert a purported agreement setting forth clear obligations into a decision left to the unfettered discretion of the loan servicer."  Id. at 883.

Here, plaintiff alleges four separate contractual breaches that, she argues, bring this case within the ambit of Corvello.  See Opp. at 10. The Court addresses each of these alleged breaches in turn.  First, plaintiff alleges that Aurora breached the Workout Agreement ("WAG") by failing to offer a permanent loan modification.  TAC ¶ 69.  The Court previously dismissed plaintiff's claim that Aurora breached the WAG because, unlike the TPP in Corvello, the WAG did not guarantee plaintiff a permanent modification upon completion of the WAG.  Instead, the WAG expressly stated that at the expiration the WAG, "a portion of the Arrearage will still be outstanding. . . . Customer must cure the arrearage through a full reinstatement, payment in full, loan modification agreement or other foreclosure avoidance option that Lender may offer."  TAC Ex. 9 ¶ b (emphasis added).  Because Aurora was under no obligation to offer plaintiff a permanent modification, its failure to do so was not a breach of the WAG.

Plaintiff's TAC does not resolve this deficiency.  Instead, plaintiff cites Pinel v. Aurora Loan Servs., LLC, 814 F. Supp. 2d 930 (N.D. Cal. 2011), which held that a claim for breach of a similar workout agreement could not be decided on a the motion to dismiss.  The Pinel court reasoned that the mortgage servicer "never reconcile[d]" two provisions of the workout agreement, one of which indicated that "aggregate Plan payment will be insufficient to pay the Arrearage," the other of which stated that the servicer "has agreed to allow Customer to repay the Arrearage pursuant to a loan work-out arrangement[.]"  Id. at 943 (alterations in original).  In light of these two contradictory provisions, the Pinel court concluded that "the viability of Plaintiff's breach of contract claim is not amenable to resolution at this stage of the litigation."  Id.

The Court is unpersuaded by plaintiff's reliance on Pinel.  The WAG states that "Customer has requested and Lender has agreed to allow customer to repay the arrearage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-4350-CAS (MRWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

pursuant to a loan work-out arrangement on the terms set forth here-in." TAC Ex. 9 at 3. As explained above, the "terms set forth" in the WAG include the statement that "upon the expiration Date, Customer must cure the Arrearage through" a cure method, which may, but did not necessarily include a permanent mortgage modification. Id. ¶ b. As such, the Court concludes that the WAG unambiguously disclaims any guarantee of a permanent mortgage modification. Accordingly, the Court declines to revisit its previous conclusion that Corvello is inapposite to plaintiff's claim that Aurora breached the WAG. For similar reasons, the Court also concludes that plaintiff has not asserted a claim for breach of the "Foreclosure Alternative Agreement" ("FAA"), which provided for further partial repayment of the arrearage on essentially the same terms as the WAG. See TAC ex. 10 ¶ b.

Plaintiff next asserts that defendants breached a seperate oral promise to permanently modify plaintiff's loan upon completion of the WAG. TAC ¶ 70. At the outset, defendants contend that plaintiff did not previously allege an oral contract in her prior complaints, making this new allegation an improper amendment. The Court declines to reject plaintiff's claim on this ground. In its previous order, the Court granted plaintiff leave to amend to replead her contract claim under Corvello, see dkt. 37, and plaintiff's allegations of an oral contract appear to fall within the scope of this leave. Cf. Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 58 (2013) (holding that homeowner can state a claim for breach of an oral promise to offer a permanent modification, for reasons similar to those in Corvello).

Plaintiff's allegations of an oral promise nonetheless fail to state a claim. First, the factual basis of the purported oral contract appears to be plaintiff's allegation that "[p]rior to entering the Workout Agreement, the Aurora representative orally informed Ms. Morgan that she needed to enter into a Workout Agreement in order to receive a permanent loan modification." TAC ¶ 23. Even taking this allegation as true, however, plaintiff has only alleged that defendant represented that compliance with the WAG was a necessary—as opposed to sufficient—condition of a permanent modification.

Second, and more fundamentally, plaintiff's allegation of an oral contract is barred by the parol evidence rule. "The parol evidence rule provides that '[w]hen the parties to a written contract have agreed to it as an 'integration'—a complete and final embodiment of the terms of an agreement—parol evidence cannot be used to add to or vary its terms.'" FPI Dev., Inc. v. Nakashima, 231 Cal. App. 3d 367, 386, (1991) (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                              JS-6

| Case No. | CV 12-4350-CAS (MRWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

Masterson v. Sine, 68 Cal.2d 222, 225 (1968)).  Here, plaintiff is attempting to introduce this alleged oral promise to vary the terms of the WAG, which, as explained above, did not require defendants to offer a permanent modification upon completion of the WAG. Plaintiff argues that the parol evidence rule does not apply because the WAG is ambiguous, and "parol evidence may be introduced to show the meaning of the express terms of the written contract."  Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc., 971 F.2d 272, 277 (9th Cir. 1992).  However, for the reasons discussed above, the Court is unpersuaded that the terms of the WAG were ambiguous.  Accordingly, the Court concludes that the plaintiff has not asserted a claim for breach of an oral contract.[1]

Lastly, plaintiff asserts that defendants breached the deed of trust, which provided that "if Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice . . . of Lender's election to cause the property to be sold. . . . Lender or Trustee shall mail copies of the notice as prescribed by Applicable law to Borrower."  TAC ¶ 94 & Ex. 2 at 12.  Plaintiff contends that defendants breached this provision by failing to post a notice of the sale as required by Cal. Civ. Code § 2924f. See TAC ¶ 95; Opp. at 17.

As an initial matter, this claim appears to fall outside the scope of the leave to amend granted by this Court.  Unlike plaintiff's assertion that defendants breached an oral contract, these allegations do not allege a breach of a promise to offer a permanent modification as in Corvello.  Because the Court previously granted leave to amend only to see whether "plaintiff could truthfully allege similar facts to those in Corvello," dkt. 37 at 10-11, plaintiff's claim that defendants breached the deed of trust appear to be an improper amendment.

Furthermore, even if the Court were to grant plaintiff leave to file this new allegation, the claim would nevertheless be deficient.  In particular, the foreclosure in this case took place in late 2011, after several years of proceedings while plaintiff made trial payments under the WAG and FAA.  See TAC ¶ 57.  As such, even assuming that defendants failed to comply with Cal. Civ. Code § 2924f, and thus breached the deed of

---

[1] Plaintiff also asserts that the parol evidence rule does not apply to claims grounded in fraud.  However, the Court previously dismissed plaintiff's claim for fraud, see dkt. 37, at 6-7., and granted leave only to replead plaintiff's claim for breach of contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-4350-CAS (MRWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

trust, plaintiff nonetheless had both constructive and express notice of the trustee's sale. See, e.g., TAC ¶ 54 ("On or around December 11, 2011, Plaintiff recieved a third party advertiser's notice that a Trustee's Sale was scheduled for property on December 16, 2011."). As such, plaintiff was not prejudiced by any failure to comply with the technical requirements of Cal. Civ. Code § 2924f, and thus did not incur damages as a result of that failure. Plaintiff has therefore failed to state a claim for breach of contract on this ground as well. See 1 Witkin, Summary of Cal. Law: Contracts, §§ 869-70 (10th ed. 2005).

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss. Because the Court concludes that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]" of plaintiff's claim for breach of contract, the Court dismisses the TAC with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401.

IT IS SO ORDERED.

|  |  | 00 | : | 12 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |