UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04350-CAS(MRWx) | Date | February 20, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN  v. AURORA LOAN SERVICES, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In chambers:)** DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS (Dkt. 45, filed January 23, 2014)

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of March 3, 2014, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION AND BACKGROUND

On January 10, 2012, plaintiff Cherie J. Morgan filed this action against Aurora Loan Services, LLC ("Aurora"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1–100, inclusive (collectively, "defendants").  Plaintiff principally complains that defendants wrongfully initiated foreclosure proceedings against her real property located at 664 S. Mentor Avenue, Pasadena, CA 91106.  By orders dated October 7, 2013, and January 6, 2014, the Court dismissed all of plaintiff's claims with prejudice.  Dkts. 37, 44.

On January 23, 2014, defendants moved to expunge the notice of lis pendens that plaintiff recorded against the property on July 19, 2013.  Plaintiff opposed the motion on February 2, 2014, and defendants replied on February 18, 2014.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.     DISCUSSION

### A. Motion to Expunge Lis Pendens

Federal courts look to state law when deciding matters involving lis pendens.  See 28 U.S.C. § 1964.  Under California Code of Civil Procedure § 405.20, "[a] party to an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04350-CAS(MRWx) | Date | February 20, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged." The effect of a lis pendens "is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." BGJ Assocs., LLC v. Superior Court, 75 Cal. App. 4th 952, 966 (1999). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." Id. at 967.

"At any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice." Cal. Code Civ. Proc. § 405.30. Further, as provided by California Code of Civil Procedure §§ 405.31 and 405.32, a court shall order that the notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim"; or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Plaintiff bears the burden of coming forward with evidence establishing that the pending action involves a real property claim and that such claim is valid. Cal. Code Civ. Proc. § 405.30.

Plaintiff argues that the lis pendens should not be expunged because she has appealed the dismissal of her case to the Ninth Circuit Court of Appeals. Plaintiff contends that the lis pendens should remain active until her appeal is resolved. California law, however, provides that "on a motion to expunge a lis pendens after judgment against the claimant and while an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the appellate court will reverse the judgment." Amalgamated Bank v. Superior Court, 149 Cal. App. 4th 1003, 1015 (2007); see also Masson v. Selene Fin. LP, 2013 WL 4427116 (N.D. Cal. Aug. 15, 2013) (citing Amalgamated Bank); Mix v. Superior Court, 124 Cal. App. 4th 987, 997 n.8 (2004) (explaining that "it would completely circumvent the Legislature's intent in enacting section 405.32, [if] merely filing an appeal, no matter how meritless, would automatically keep the lis pendens in place"). Here, for the reasons stated in this Court's prior orders dismissing plaintiffs' claims with prejudice, see dkts. 37, 44, the Court finds that it is not more likely than not that the Ninth Circuit will reverse this Court's determination that plaintiff has failed to state a claim. As such, the Court concludes that the lis pendens should be expunged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04350-CAS(MRWx) | Date | February 20, 2014 |
|---|---|---|---|
| Title | CHERIE J. MORGAN v. AURORA LOAN SERVICES, LLC, ET AL. | | |

**B. Attorneys' Fees**

California Code of Civil Procedure section 405.38 authorizes an award of attorney's fees to a prevailing party on a motion to expunge a lis pendens. Specifically, section 405.38 provides: "[t]he court shall direct that the party prevailing on [a motion to expunge lis pendens] be awarded reasonable attorneys' fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust."

Here, defendants represent that they contacted plaintiff before filing this motion and requested that she voluntarily withdraw the lis pendens. Simonian Decl. ¶ 3. Plaintiff did not withdraw the lis pendens. Moreover, although plaintiff contends in her opposition that the pending appeal requires the lis pendens to remain active, plaintiff does not cite, let alone discuss the controlling California precedents addressing this argument. See Amalgamated Bank 149 Cal. App. 4th 1003; Mix, 124 Cal. App. 4th 987. As such, the Court concludes that plaintiff did not act "with substantial justification." Cal. Code Civ. Proc § 405.38. Nor does plaintiff identify with specificity any other circumstances that would "make the imposition of attorneys' fees and costs unjust." Id. Accordingly, the Court concludes that an award of fees is appropriate in this case.

Defendants have supplied a declaration indicating that they expended 5.5 hours preparing this motion, at an hourly rate of $265 per hour. Although plaintiff does not object to either the number of hours expended or the hourly rate, the Court finds that the hours expended to be somewhat excessive. The Court thus awards fees for 3 hours, at an hourly rate of $265 per hour, for a total of $795.

**III.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendants' motion to expunge the lis pendens. Pursuant to Cal. Code Civ. Proc § 405.38, the Court awards defendants $795 in attorneys' fees.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |